The opinion of the Court was delivered by
Moses, J.
The prisoner, Nathan Garner, with Bill Garner 'and' Amos Garner, (all-persons of color,) was indicted at Darlington, Fall Term, 1866, for the crime of burglary, charged to have been committed on the night of the fourth of October, of the same year. The other two defendants were found “ not guilty,” and the said Nathan Garner was convicted by the jury of “ larceny.” A motion was made before the presiding Judge for his discharge, on the ground “ that the District Court had exclusive jurisdiction íd all cases of larceny, and that therefore the Court of Sessions was excluded from considering or punishing the-offence.” The Judge, in his report, says that “while he refused the motion to discharge, he would not have-passed sentence,” and referred, for the reasons, to those he had given in his report of a case from Marlborough: “ That he did not regard the Court as having jurisdictibn, and therefore left it to the Court of Appeals to pass upon the matter on a motion to arrest the judgment which he had not the power to entertain.”
That question, by the reference of the Court of Appeals, is to be considered by this Court, and as its adjudication here rests on the first ground in the notice of appeal, it is not now necessary to discuss the second.
By the seventh section of an Act ratified on 21 st day of September, 1866, entitled “An Act to amend an Act entitled ‘ An Act to establish District Courts,’ ” (Stat. at Large, vol. 13, p 388,) it is enacted “ that the District Court shall have exclusive *146 jurisdiction íd all cases of larceny and misdemeanor, in all cases of vagrancy, and in all cases of bastardy, arising within the limits of the election district in which they are established.’’ The second section of the same Act requires the organization of the said District Courts by the Judges thereof immediately after its passage.
The decision of the Court of Errors made at this term, in the case of The State vs, Wright Sullivan, and in that of The State vs. Wesley Williams and others, established the jurisdiction of the Court of General Sessions over persons of color indicted for capital felonies. The Court of Sessions had then the right to try the said Nathan Garner on the charge of burglary, because as to that offence exclusive jurisdiction did not attach to the District Court under the said Act of September, 1866. The crime of burglary does not necessarily involve that of larceny. When, however, the verdict of the jury has established the fact that the party charged is not guilty of the burglary, but only guilty of larceny, it becomes apparent from the record that the j udgment which the Court is called on to enforce by a sentence is for an offence which it had no power to try, because, in regard to it, exclusive jurisdiction had been conferred on another tribunal. If the charge rendered certain by the verdict had been preferred by bill, the Court of Sessions would have been without power to entertain it, and if the verdict should be enforced, the necessary result would be to punish, in the Court of Sessions, for an offence over which that Court had no jurisdiction. The lines of separation, fixed by the Legislature for wise purposes, between its own several Courts, would avail nothing in the protection of the citizen if liable to infringement in this way, and a right might thus be held to attach to one Court which the law-making power intended to pertain exclusively to another. To maintain a conclusion different from that to which the Court has arrived would, in effect, declare that when the verdict convicts a party of an offence over which the Court *147 had no jurisdiction, it could still proceed to punish him, although it had not the right to try him, had he been indicted specifically on the charge established by the finding.
The motion to arrest the judgment is granted.
Dunkin, C. J., Wardlaw, Glover, and Inglis, J. J., and Carroll, Lesesne, and Johnson, 0.0., concurred.

Motion granted.